```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MILDRED TRUETT                  :   CIVIL ACTION
                                :   NO. 04-5376
          Plaintiff,            :
                                :
     v.                         :
                                :
JO ANNE BARNHART,               :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
          Defendant.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        NOVEMBER 23, 2005

I.   BACKGROUND

Plaintiff, Mildred Truett, brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the administrative law judge (ALJ) dated September 2, 2003. The ALJ denied plaintiff's claim for Disability Insurance Benefits.[1]

---

[1]  The ALJ held:

> After giving careful consideration to all the evidence, the Administrative Law Judge has concluded that the claimant is unable to return to her past relevant work. However, she is able to make an adjustment to work existing in significant numbers in the national economy. This conclusion is based on findings concerning her age, education, work experience, and residual functional capacity. For this reason she is not under a disability as that term is defined in the Social Security Act and regulations. Since the claimant is not disabled, she is ineligible to receive Disability Insurance Benefits by virtue of her application of August 27, 2002.

Before the Court is plaintiff's objections to the Magistrate Judge's Report and Recommendation. The Magistrate Judge concluded that there is substantial evidence in the record to support the ALJ's decision that plaintiff was not disabled under the Social Security Act, and thus, was not entitled to disability benefits.[2]

Plaintiff has raised four objections to the Magistrate Judge's Report and Recommendation. In particular, she alleges the following errors: (1) the Magistrate Judge inaccurately summarized plaintiff's daily activities as support for the ALJ's decision that plaintiff could perform full-time work, contrary to the opinion of plaintiff's treating physician; (2) the Magistrate Judge improperly accepted the ALJ's conclusion accepting parts of the consultative physician's opinion, while rejecting other parts, without explanation; (3) the ALJ failed to follow-up with plaintiff's treating physician as to the inconsistencies between the physician's opinion and the objective testing; and (4) the Magistrate Judge erred in finding that substantial evidence existed in the record to support the ALJ's finding that

---

(R. at 14-15.)

[2] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); see Barnhart v. Walton, 535 U.S. 212 (2002).

2

plaintiff's right arm and left knee impairments were not "severe."

For the reasons that follow, the Court overrules plaintiff's objections to the Magistrate Judge's Report and Recommendation. The Court approves and adopts the Report and Recommendation.

II. DISCUSSION

    A. <u>Standard of Review</u>

The Court undertakes a de novo review of the portions of a report and recommendation of a magistrate judge to which the plaintiff has lodged objections. See 28 U.S.C. § 636(b)(1); <u>Continental Cas. Co. v. Dominick D'Andrea, Inc.</u>, 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part," the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1). The Court should uphold the determinations of the ALJ if supported by substantial evidence. <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988).

    B. <u>Plaintiff's Objections to the Magistrate Judge's Report and Recommendation</u>

        1. The ALJ's decision that the opinion of plaintiff's treating orthopedist is inconsistent with plaintiff's activities

3

of daily living is supported by substantial evidence in the record.

Dr. Mark Avart is plaintiff's treating orthopedist. Dr. Avart has been treating plaintiff for the pain in her neck, back, left shoulder, and left arm and hand since 1998. (R. at 145-46.) In a medical report dated June 10, 2003, Dr. Avart opined that plaintiff was "disabled permanently" due to ongoing symptoms and sequelae of damage and injury to plaintiff's neck, shoulder, elbows, and back. (R. at 263.) Dr. Avart concluded that plaintiff's functional capabilities were restricted as follows:

> The patient is completely limited from any overhead use of her shoulder and arms. The patient is limited to standing no longer than 10-15 minutes without change in position from standing to sitting, and she even needs the ability to lie down during the day. She can sit for 20-30 minutes before she has to stand up, walk around, and change position, and driving is restricted to less than that also. She is restricted from repetitive motion and use of her arms below the shoulder level, as well as restricted from fine manipulation and coordination of her hands secondary to nerve damage in her elbows and problems in her neck. She is limited in pushing and pulling to less than 10 pounds, and can do this on an occasional basis only. She is completely restricted from kneeling, squatting, stairs, and crawling. She is restricted from working in the outside with temperature extremes and must wear bracing for her back and occasionally for her neck. The patient has weakness with muscle strength in bilateral upper extremities graded to 3+/5 and in the lower left extremity at 4+/5, the right lower extremity being close to normal. There is

>     atrophy in her left shoulder and arm in the
>     deltoid and suprascapular region.

(R. at 263.)

However, the ALJ found that the opinion of Dr. Avart should not be given controlling or substantial weight.[3] The ALJ described six reasons for discounting the conclusions of Dr. Avart:

>     1) there is a lack of objective clinical or
>     laboratory findings to support the degree of
>     limitation alleged; 2) the record is also
>     contradictory and on average reveals no
>     significant evidence of neurological
>     compromise which would affect the claimant's
>     ability to stand, walk or sit to the degree as
>     indicated; 3) he limits the claimant to a less
>     than sedentary residual functional capacity,
>     but does not relate his opinion to any
>     specific findings; 4) the assessment is
>     inconsistent with specific observations made
>     in that same report; 5) his opinion is not
>     supported by his own earlier reports which
>     indicate mostly routine outpatient care
>     (Exhibit 7F); and 6) his assessment is
>     inconsistent with the claimant's self-reported
>     activities of daily living.

(R. at 21.)

Plaintiff's first objection relates to the sixth reason listed by the ALJ for discounting Dr. Avart's opinion–that "his

---

[3] The ALJ has the discretion to discount Dr. Avart's conclusions. The opinion of a treating physician should be given controlling weight only when it is consistent with other evidence in the record and is supported by medically accepted laboratory and clinical tests. See 20 C.F.R. § 404.1527(d)(2); Jones v. Sullivan, 954 F.2d 125, 128-29 (3d Cir. 1991); Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988); Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985).

assessment is inconsistent with the claimant's self-reported activities of daily living." (Pl.'s Obj. at 1-3.) As concluded by the Magistrate Judge, this Court holds that the ALJ's conclusion is supported by substantial evidence in the record.

Dr. Avart opined that plaintiff is "completely limited from any overhead use of her shoulder and arms," cannot stand for more than ten or fifteen minutes, is restricted from fine manipulation and coordination of her hands, and is "completely restricted from kneeling, squatting, stairs, and crawling." Yet, plaintiff testified that she does the laundry,[4] cooking, and cleaning. (R. at 55.) Plaintiff also testified that she is able to go shopping (although she does not go by herself), she is able to take public transportation, and also is able to go out to dinner with her son. (R. at 55-57, 62.)

The Court holds that substantial evidence exists in the record to support the ALJ's finding that Dr. Avart's opinion as to plaintiff's functional restrictions is inconsistent with plaintiff's testimony relating to her daily activities.[5] The Court further holds that, contrary to plaintiff's assertions, a

---

[4] Plaintiff testified that she is able to put the laundry in the machine and fold the laundry. Her son takes the laundry upstairs and downstairs. (R. at 63.)

[5] The Court also notes that this inconsistency is not the sole reason that the ALJ discounted the opinions of Dr. Avart. Rather, the ALJ listed five additional, legitimate reasons that call Dr. Avart's opinion into doubt, which are all supported by substantial evidence in the record.

6

review of the record indicates that the Magistrate Judge accurately depicted plaintiff's deposition testimony pertaining to her limitations of daily living.

>  2. The ALJ's decision to accept portions of the consultative physician's opinion, while rejecting other portions, is supported by substantial evidence in the record.

Dr. Harris Ross is plaintiff's consultative physician. Plaintiff contends that the ALJ's decision to credit portions of Dr. Ross's testimony (the portions which support a finding against disability), while discrediting other portions (the portions which support a finding of disability), is not adequately explained and is not supported by the record.[6] (Pl.'s Obj. at 3-5.)

The ALJ relied on the opinion of Dr. Ross that plaintiff occasionally could lift and carry twenty pounds with her right upper extremity and could stand and walk between one and two hours in an eight-hour work day. (R. at 233-34.) However, the ALJ did not adopt Dr. Ross's opinion that plaintiff could not sit six hours per day. Rather, the ALJ concluded that

---

[6] Plaintiff also makes similar allegations as to Dr. Sharon Wander, who reviewed plaintiff's medical records in October 2002. (Pl.'s Obj. at 5.)

plaintiff is capable of sitting for six hours in an eight-hour day so long as she can alternate sitting and standing.[7]

The Court finds no error in the ALJ's decision to adopt some of the findings of Dr. Ross, while rejecting others, so long as the ALJ's conclusions are supported by substantial evidence in the record (which they are in this instance). (R. at 20-22.)

> 3. The ALJ was not under an "affirmative duty" to contact plaintiff's treating physician to reconcile his opinion as to plaintiff's limitations with the objective testing.

The ALJ deemed Dr. Avart's opinions as to plaintiff's functional limitations inconsistent with objective testing, and accordingly, the ALJ discounted Dr. Avart's opinions. Plaintiff argues, "[I]f the ALJ truly could not reconcile Dr. Avart's opinion as to Plaintiff's limitations with objective testing **ordered by Dr. Avart**, the ALJ had the affirmative duty to contact

---

[7] Plaintiff also contends that the ALJ reached this conclusion, but remained silent as to any medical opinion that supported this conclusion. (Pl.'s Obj. at 4-5.) Plaintiff asserts that the Magistrate Judge, and not the ALJ, found support from the opinion of Dr. Wander. (Pl.'s Obj. at 4-5.) Plaintiff believes this is a violation of "the Chenery doctrine," (Pl.'s Obj. at 5-6) which states that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." SEC v. Chenery Corp., 318 U.S. 80, 87 (1943). Plaintiff's argument is unpersuasive. While the ALJ did not refer to Dr. Wander by name, the ALJ regularly referred to the findings of the "State Agency medical consultant," who in this case includes Dr. Wander. Dr. Wander concluded that plaintiff could sit about six hours in an eight-hour workday. (R. at 236.)

Dr. Avart to seek clarification." (Pl.'s Obj. at 6.) (emphasis in original). For support, plaintiff points to 20 C.F.R. § 404.1512, which states,

> (e) Recontacting medical sources. When the evidence we [the Social Security Administration ("SSA")] received from your treating physician . . . **is inadequate for us to determine whether you are disabled**, we will need additional information to reach a determination or a decision. To obtain, the information, we will take the following actions.
>
> (1) We will first recontact your treating physician . . . to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. . . .
>
> (2) We may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings.

20 C.F.R. § 404.1512 (emphasis added).

Plaintiff's argument is without merit. Under 20 C.F.R. § 404.1512, the SSA is only required to seek additional or clarifying information if the information already in its possession, whether in conflict or not, is "inadequate for [the

9

SSA] to determine whether [the applicant] is disabled or not." In other words, where the ALJ can make a determination based on the evidence in the ALJ's possession, even if "inconsistent" evidence is presented, the ALJ has the discretion to make that determination.

This discretionary authority of the ALJ to proceed in making a determination, despite the existence of inconsistent evidence, is also described in 20 C.F.R. § 404.1527.  Under 20 C.F.R. § 404.1527(c)(2), "If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all of the evidence and see whether we can decide whether you are disabled based on the evidence we have."  20 C.F.R. § 404.1527(c)(2).  The ALJ is required to seek additional evidence or clarification under section 404.1512 only if the ALJ "cannot reach a conclusion about whether you [the applicant] are disabled" based on the available evidence.  See 20 C.F.R. § 404.1527(c)(3) ("[I]f after weighing the evidence we decide we cannot reach a conclusion about whether you are disabled, we will try to obtain additional evidence under . . . § 404.1512 . . . .")

In the instant case, the ALJ reviewed all of the evidence presented.  The ALJ was apparently satisfied that a disability determination could be made based on the records in

10

his possession, even though Dr. Avart's opinions were "inconsistent" with other records provided.  The ALJ was not required to seek additional evidence to clarify any apparent inconsistency.  Nothing here indicates that the record lacked enough data for the ALJ to make a sound determination.  Nor has plaintiff pointed to any evidentiary gaps that required the ALJ to seek "additional evidence or clarification" under sections 404.1512 and 404.1527.  Accordingly, plaintiff's third objection is overruled.

> 4. The ALJ's conclusion that plaintiff's right arm and left knee impairments are not "severe" is supported by substantial evidence in the record.

The ALJ concluded that plaintiff's right arm and left knee injuries did not constitute "severe impairments" as defined by the Social Security Act.[8]  (R. at 16.)  The Magistrate Judge concluded that there is substantial evidence in the record to support this conclusion.  (Rep. & Rec. at 17.)  Plaintiff contends that this conclusion is erroneous.  (Pl.'s Obj. at 6; Pl.'s Mot. Summ. J. 14-17.)

---

[8] A determination of the "medical severity" of the impairment is step 2 of the five-step sequential evaluation process.  See 20 C.F.R. § 404.1520.  If the ALJ finds that an applicant is disabled or not disabled at a step, then the ALJ should make the determination and not go on to the next step.  Id.  If the ALJ cannot make a finding that an applicant is disabled or not disabled at a step, then the ALJ should continued on to the next step.  Id.

An impairment is severe if it significantly limits a claimant's physical ability to do basic work activities, which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.  See 20 C.F.R. § 404.1521.  In the instant case, the ALJ considered plaintiff's complaints of right arm and left knee pain and made the following finding:

> Although the claimant has alleged having severe pain in her right arm and left knee, there is no clinical evidence (Exhibits 6F and 8F) or significant treatment documented in the record to corroborate or support any findings of significant vocational impact related to these conditions.  Therefore, it is found that these are not severe impairments as defined by the Social Security Act.

(R. at 16.)

The Court finds that there is substantial evidence in the record to support the ALJ's conclusion that plaintiff's right arm and left knee impairments are not "severe."  In plaintiff's "Disability Report" filed with the SSA, plaintiff did not list her left knee or right arm as an injury that limited her ability to work.  (R. at 87.)  Plaintiff consistently denied right arm pain or failed to report impairments of her right arm.  Several physician reports reflect these findings or omissions, including those of Dr. Richard Kanoff and Dr. Shanin Gross.  (R. at 157, 169.)  Further, an examination by Dr. Ross revealed that plaintiff's right shoulder was "normal" with a "full range of motion and normal grip strength."  (R. at 231.)

12

As to plaintiff's complaints relating to her left knee, an EMG in 2002 revealed that plaintiff's lower left extremity was "normal" and "fail[ed] to delineate any evidence of radiculopathy." (R. at 203.) Additionally, the record is void of any clinical evidence showing significant treatment for plaintiff's alleged left knee pain.[9]

III. CONCLUSION

For the foregoing reasons, plaintiff's objections are overruled. The Magistrate Judge's Report and Recommendations are approved and adopted by this Court. An appropriate order follows.

---

[9] For support of plaintiff's contention that she suffered from "severe impairments" of her right arm and left knee, plaintiff points only to the opinions of Dr. Avart. (Pl.'s Mot. Summ. J. at 15.) As discussed, the ALJ found that the opinions of Dr. Avart were not credible because they were unsubstantiated and contradicted the opinions of numerous other physicians, as well as clinical and diagnostic evidence. Contrary to plaintiff's assertions, the ALJ adequately explained the weight given to Dr. Avart's opinions. Plaintiff is unable to point to any other report or examination, besides those of Dr. Avart, that indicate a severe impairment of her right arm or left knee.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MILDRED TRUETT                  :    CIVIL ACTION
                                :    NO. 04-5376
         Plaintiff,             :
                                :
    v.                          :
                                :
JO ANNE BARNHART,               :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
         Defendant.             :
```

**ORDER**

**AND NOW,** this **23rd** day of **November, 2005,** upon consideration of the cross-motions for summary judgment (doc. nos. 7 & 9), and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (doc. no. 13) and the plaintiff's Objections thereto (doc. no. 14), it is hereby **ORDERED** for the reasons provided in the accompanying memorandum that:

      1.   The Report and Recommendation (doc. no. 13) is **APPROVED** and **ADOPTED.**

      2.   Plaintiff's Objections to the Report and Recommendation (doc. no. 14) are **OVERRULED.**

      3.   Defendant's motion for summary judgment (doc. no. 9) is **GRANTED.**

      4.   Plaintiff's motion for summary judgment (doc. no. 7) is **DENIED.**

5. The final decision of the Commissioner of Social Security is **AFFIRMED** and **JUDGMENT** is entered in favor of defendant and against plaintiff.

**AND IT IS SO ORDERED.**

_____
**EDUARDO C. ROBRENO, J.**